Adam P. Bailey (CA Bar No. 278208)
Hobbs, Straus, Dean & Walker, LLP
1903 21st St., 3rd Floor
Sacramento, CA 95811
Phone: (916) 442-9444
Fax: (916) 442-8344
Email: abailey@hobbsstraus.com

Attorneys for Plaintiff

MICHELE BECKWITH
Acting United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail:    joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile: (916) 554-2900

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANVILLE INDIAN RANCHERIA,<br><br>                Plaintiff,<br><br>    v.<br><br>ROBERT F. KENNEDY, JR.,[1] in his official capacity as Secretary, U.S. Department of Health & Human Services, *et al.*,<br><br>                Defendants. | No. 2:25-cv-00094-CSK<br><br>**JOINT STATUS REPORT, STIPULATION, AND** ~~**PROPOSED**~~ **ORDER FOR STAYING CASE** |

Pursuant to the Court's Order (ECF 15) dated April 7, 2025, the parties provide this status report and stipulate, subject to Court approval, that this action be stayed while the parties continue to work toward informally resolving claims recently recognized by the Supreme Court in *Becerra v. San Carlos*

---

[1] Robert F. Kennedy, Jr., was sworn in as the United States Secretary of Health and Human Services on February 13, 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he should be substituted automatically for Dr. Dorothy Fink as the defendant in this action.

*Apache Tribe*, 602 U.S. 222 (2024), and that the parties file a Joint Status Report on or before October 10, 2025.  The reasons for this stipulation are as follows.

    1.    A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

    2.    This case involves claims for "contract support costs" associated with program income that a Tribal organization expends on health programs that it has contracted to operate under the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. §§ 5301–5423.  Plaintiff filed this action shortly after the Supreme Court recognized such claims as cognizable under the ISDEAA in *Becerra v. San Carlos Apache Tribe*, 602 U.S. 222 (2024).

    3.    Following the Supreme Court's decision, the Indian Health Service convened meetings of a Contract Support Cost Advisory Group in July and August 2024.  In those meetings, Tribal representatives and representatives of the Indian Health Service discussed possible methodologies for determining contract support costs following the Supreme Court's decision.  On September 10, 2024, the Indian Health Service initiated a national consultation seeking feedback from Tribes on the Agency's proposals to calculate contract support costs related to expenditures of program income.[2]

    4.    The Indian Health Service's national consultation with the Tribes concluded in mid-October 2024.  Thereafter, the Contract Support Cost Advisory Group reconvened and finalized recommendations that the Director of the Indian Health Service adopted on December 10, 2024.[3]

    5.    To date, the Indian Health Service has retained an expert to analyze and value the claims at issue in the instant case.  This expert has assisted the Indian Health Service and other Tribes and Tribal organizations in resolving such claims in light of *Becerra v. San Carlos Apache Tribe*, 602 U.S.

---

[2] *See* Letter from Indian Health Service to Tribal Leaders (Sept. 10, 2024), https://www.ihs.gov/sites/newsroom/themes/responsive2017/display_objects/documents/2024_Letters/DTLL_091024.pdf.

[3] *See* Letter from Indian Health Service to Tribal Leaders (Dec. 20, 2024), https://www.ihs.gov/sites/newsroom/themes/responsive2017/display_objects/documents/2024_Letters/DTLL_12202024.pdf

222 (2024).  The Indian Health Service also has gathered the financial documents in its possession pertaining to the claims asserted in this case for contract support costs for calendar years 2017–2021 and provided those documents to its retained expert.

6.      The Indian Health Service's retained expert is currently reviewing these records and preparing his preliminary analysis.  If the expert requires additional information or documents from the agency or Plaintiff, it is anticipated that the additional information or documents will be identified during the week of July 14, 2025.

7.      The parties will continue to work in good faith to value and attempt to resolve Plaintiff's claim for contract support costs for calendar years 2017–2021, and the parties respectfully request an additional 90 days to do so, at which time the parties will update the Court on their progress.

8.      Other cases involving similar claims have been stayed for the same reasons, including, for example, *Navajo Health Foundation-Sage Memorial Hospital, Inc. v. Becerra*, Case No. 3:23-cv-08065-DLR (D. Ariz.), and *Northern Valley Indian Health, Inc. v. Becerra*, Case No. 2:24-cv-02154-DJC-DMC (E.D. Cal.).

9.      The parties propose filing a Joint Status Report on or before October 10, 2025.

Respectfully submitted,

Dated: July 10, 2025                                    HOBBS, STRAUS, DEAN & WALKER, LLP

By:     /s/  Adam P. Bailey         (authorized 7/10/2025)
ADAM P. BAILEY
Attorneys for Plaintiff


Dated: July 10, 2025                                    MICHELE BECKWITH
Acting United States Attorney

By:     /s/  Joseph B. Frueh
JOSEPH B. FRUEH
Assistant United States Attorney
Attorneys for Defendants

**IT IS SO ORDERED**

Dated:  July 14, 2025

_____
HON. CHI SOO KIM
United States Magistrate Judge

4, susa0094.24

JOINT STATUS REPORT, STIPULATION AND ~~PROPOSED~~ ORDER FOR STAYING CASE            3