Adam P. Bailey (CA Bar No. 278208)
Hobbs, Straus, Dean & Walker, LLP
1903 21st St., 3rd Floor
Sacramento, CA 95811
Phone: (916) 442-9444
Fax: (916) 442-8344
Email: abailey@hobbsstraus.com

Attorneys for Plaintiff

ERIC GRANT
United States Attorney
JOSEPH FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail:    joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SUSANVILLE INDIAN RANCHERIA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY, JR.,[1] in his official capacity as Secretary, U.S. Department of Health & Human Services, *et al.*,<br><br>Defendants. | No. 2:25-cv-00094-CSK<br><br>**JOINT STATUS REPORT, STIPULATION, AND** ~~**PROPOSED**~~ **ORDER FOR STAYING CASE** |
|---|---|

Pursuant to the Court's Order (ECF 17) dated July 15, 2025, the parties provide this status report and stipulate, subject to Court approval, that this action be stayed while the parties continue to work toward informally resolving claims recently recognized by the Supreme Court in *Becerra v. San Carlos Apache Tribe*, 602 U.S. 222 (2024); and that the parties file a Joint Status Report on or before January 30, 2026. The reasons for this stipulation are as follows.

---

[1] Robert F. Kennedy, Jr., was sworn in as the United States Secretary of Health and Human Services on February 13, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he should be substituted automatically for Dr. Dorothy Fink as the defendant in this action.

1.        A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

2.        This case involves claims for "contract support costs" associated with program income that a Tribal organization expends on health programs that it has contracted to operate under the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. §§ 5301–5423. Plaintiff filed this action shortly after the Supreme Court recognized such claims as cognizable under the ISDEAA in *Becerra v. San Carlos Apache Tribe*, 602 U.S. 222 (2024).

3.        Following the Supreme Court's decision, the Indian Health Service convened meetings of a Contract Support Cost Advisory Group in July and August 2024. In those meetings, Tribal representatives and representatives of the Indian Health Service discussed possible methodologies for determining contract support costs following the Supreme Court's decision. On September 10, 2024, the Indian Health Service initiated a national consultation seeking feedback from Tribes on the Agency's proposals to calculate contract support costs related to expenditures of program income.[2]

4.        The Indian Health Service's national consultation with the Tribes concluded in mid-October 2024. Thereafter, the Contract Support Cost Advisory Group reconvened and finalized recommendations that the Director of the Indian Health Service adopted on December 10, 2024.[3]

5.        The Indian Health Service has gathered the financial documents in its possession pertaining to the claim asserted in this case for contract support costs for calendar years 2017–2021. The Indian Health Service has also retained an expert to analyze and value the claim. This expert is familiar with the type of claim presented in this action and has assisted the Indian Health Service and

---

[2] *See* Letter from Indian Health Service to Tribal Leaders (Sept. 10, 2024), https://www.ihs.gov/sites/newsroom/themes/responsive2017/display_objects/documents/2024_Letters/DTLL_091024.pdf.

[3] *See* Letter from Indian Health Service to Tribal Leaders (Dec. 20, 2024), https://www.ihs.gov/sites/newsroom/themes/responsive2017/display_objects/documents/2024_Letters/DTLL_12202024.pdf

other Tribes and Tribal organizations in resolving such claims in light of *Becerra v. San Carlos Apache Tribe*, 602 U.S. 222 (2024).

6. The Indian Health Service's expert completed his preliminary analysis, which yielded requests for additional information from Plaintiff. Plaintiff currently is working to gather and provide the additional information.

7. Separately, at the end of the day on September 30, 2025, the appropriations that have been funding the Department of Justice expired and appropriations to the Department lapsed. The Department does not know when funding will be restored by Congress. Absent an appropriation or continuing resolution, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. That exception is not deemed to include most civil cases.

8. Notwithstanding the current lapse in appropriations, the parties anticipate that they will continue to negotiate in good faith after the restoration of appropriations or the enactment of a continuing resolution in order to attempt to resolve Plaintiff's claim for contract support costs for calendar years 2017–2021.

9. The parties propose filing a Joint Status Report on or before January 30, 2026

Respectfully submitted,

Dated: October 10, 2025                                    HOBBS, STRAUS, DEAN & WALKER, LLP

By:   /s/ *Adam P. Bailey*   (authorized 10/10/2025)
ADAM P. BAILEY
Attorneys for Plaintiff

Dated: October 10, 2025                                    ERIC GRANT
United States Attorney

By:   /s/ *Joseph Frueh*
JOSEPH FRUEH
Assistant United States Attorney
Attorneys for Defendants

**IT IS SO ORDERED**

Dated: October 15, 2025

HON. CHI SOO KIM
United States Magistrate Judge